UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

______

| | | |
|---|---|---|
| SALLY ANN MOORE, | ) | |
| Plaintiff, | ) | Case No. 4:05-cv-55 |
| v. | ) | Honorable Robert Holmes Bell |
| JAMES F. YARBRO, | ) | |
| Defendant. | ) | |
| PAUL E. SHAMBLIN, | ) | |
| Plaintiff, | ) | Case No. 4:05-cv-56 |
| v. | ) | |
| JAMES F. YARBRO, | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

Defendant James F. Yarbro has removed the captioned cases from the Allegan County Circuit Court. In each case, Mr. Yarbro is named as the defendant in a civil action brought pursuant to Mich. Comp. Laws § 600.2950a, which grants the Michigan circuit courts authority to issue personal protection orders in the circumstances contemplated in the statute. In case no. 4:05-cv-55, Paul E. Shamblin, a resident of Allegan County, Michigan, alleges that Mr. Yarbro has assaulted him and threatened his life. On May 3, 2005, the Allegan County circuit judge issued a personal protection order prohibiting Mr. Yarbro from following Mr. Shamblin, contacting him by telephone,

Dockets.Justia.com

or committing any other act defined by the state stalking statute. In case no. 4:05-cv-56, Sally Ann Moore, a resident of Pullman, Michigan, alleges that Mr. Yarbro has threatened her during township board meetings. On April 29, 2005, the circuit judge entered an order merely prohibiting Mr. Yarbro from confronting Ms. Moore in a public place or on private property or from threatening to kill or injure her.

By order of reference entered June 2, 2005, Chief Judge Robert Holmes Bell referred case no. 4:05-cv-55 (*Moore v. Yarbro*) to me for review pursuant to 28 U.S.C. § 636(b). By order entered June 7, 2005, Judge David W. McKeague determined that case nos. 4:05-cv-56 (*Shamblin v. Yarbro*) and 4:05-cv-55 involve common questions of law and fact and so should be consolidated for all purposes pursuant to Fed. R. Civ. P. 42(a). In each case, the court has granted Mr. Yarbro leave to proceed *in form a pauperis*, on the basis of his allegations of indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519

(1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Upon review of the record in each case, I determine that this court lacks subject-matter jurisdiction and recommend that each case be immediately remanded to the Allegan County Circuit Court for further proceedings.

Ordinarily, a defendant may remove a state-court case to federal court only if it could have been brought in federal court in the first place; that is, if the federal court would have had original jurisdiction over the case. *See Strong v. Telectronics Pacing Sys., Inc.*, 78 F.3d 256, 259 (6th Cir. 1996) (citing 28 U.S.C. § 1441(a)). In general, the federal district courts have original jurisdiction only when plaintiff's claim arises under the federal Constitution or laws, 28 U.S.C. § 1331, or where the matter in controversy exceeds the sum of $75,000 and involves citizens of different states. 28 U.S.C. § 1332. Neither source of jurisdiction exists in the present case. A case arises under the Constitution or laws of the United States only when plaintiff's well-pleaded complaint raises issues of federal law. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987); *see also Heydon v. MediaOne of E. Mich., Inc.*, 327 F.3d 466, 469 (6th Cir. 2003). In the captioned cases, each petition for a personal protection order arises under a Michigan statute, MICH. COMP. LAWS § 600.2950a. That section of the Revised Judicature Code allows a person to initiate a civil action in the Family Division of the state circuit court to enjoin a defendant from committing any act prohibited by the state anti-stalking statute, MICH. COMP. LAWS § 750.411h, .411i. Each civil action clearly arises under the laws of the State of Michigan. The petitioners in the circuit court do not invoke any federal law, nor is the application or interpretation of federal law necessary in adjudicating their claim. Federal-question jurisdiction is clearly lacking, and Mr. Yarbro's dissatisfaction with the proceedings in state circuit court does not change that fact. Furthermore, Mr.

Yarbro's allegation that the circuit court is biased and has refused to change venue does not establish grounds for removal.

Likewise, Mr. Yarbro has not shown that the claims now pending in circuit court involve the requisite amount in controversy and complete diversity of citizenship. A removing party has the burden of filing a petition containing "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The burden is on the removing party to allege and prove facts showing subject-matter jurisdiction, including diversity of citizenship and satisfaction of the amount in controversy requirement. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). The petition and attachments are insufficient to meet this requirement. All parties are clearly Michigan residents, and the requisite amount in controversy is plainly lacking.

**Recommended Disposition**

The Removal Act provides that the district court must remand an action at any time before final judgment when "it appears that the district court lacks subject-matter jurisdiction." 28 U.S.C. § 1447(c). The captioned cases were clearly removed from the state circuit court improvidently and without jurisdiction. Accordingly, I recommend that each case be remanded to the Allegan County Circuit Court.

Dated: June 8, 2005

/s/ Joseph G. Scoville
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).